**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Kong Meng Vang, | Civ. No. 17-1676 (SRN/BRT) |
| Petitioner, | |
| v. | |
| Jeff Sessions, U.S. Attorney General; U.S. Attorney General; John Kelly, Secretary of the Department of Homeland Security; Sarah Saldana, ICE Director; Headquarters Removal and International Operations, (HQ/RIO); James Olson, Warden of Carver County jail, Carver County Sheriff; and Scott Beniecke, St. Paul ICE Field Director, | **REPORT AND RECOMMENDATION** |
| Respondents. | |

---

BECKY R. THORSON, United States Magistrate Judge.

Kong Meng Vang, a native and citizen of Laos, entered the United States in October 1976 with his immediate family as refugees, and became a permanent resident alien in 1979. (*See* Doc. No. 1, Pet. 8.) In March 2013, Vang was convicted of multiple felonies. He was taken into ICE custody on November 21, 2016, and ordered removed from this country on December 8, 2016. (*See id*. at 8–9.) Laos denied Petitioner travel documents in February 2017. (*See id*. at 12.) On March 8, 2017, after the initial 90-day detention period, a decision issued to continue detention; the decision indicated that if Petitioner had not been released or removed by May 1, 2017, he would receive another custody review. (*See id*. at 9; *see also* Doc. No. 1-1 at 2.) On May 19, 2017, Vang filed

his present petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his continued detention was unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he had been detained for more than 90 days and his deportation was not likely to occur within the reasonably foreseeable future. (Pet. 12–18.) Vang sought his immediate release from physical custody, as well as attorney's fees and costs under the Equal Access to Justice Act ("EAJA").[1] (Pet. 19.)

On May 22, 2017, the Court ordered the government to respond to Vang's petition within thirty days, and provided thirty days for Vang to file a reply to the government's response. (Doc. No. 3.) On June 22, 2017, Vang was released from ICE custody under an order of supervision, which required him to comply with certain conditions until his removal to Laos could be effectuated. (Doc. No. 11, Decl. of Ana Voss, Ex. 1.) The government has since filed its response to Vang's petition, asserting that the petition is now moot under Article III of the U.S. Constitution because Vang has been released from detention pending his removal. (Doc. No. 5, Resp. 1–5.) This Court agrees and therefore recommends that Vang's petition be dismissed for lack of jurisdiction.

---

[1] By statute, the government must detain and secure an alien's removal within a ninety-day "removal period" that runs from the latest of three possible dates, the first of which is the date that the alien's removal order became final. 8 U.S.C. § 1231(a)(1)–(2). If an alien cannot be removed within that time, the government may either release the alien under an order of supervision or, for certain classes of aliens, continue to detain them until their removal can be secured. *Id.* § 1231(a)(3), (6). In *Zadvydas*, the Supreme Court held that "an alien's post-removal-period detention" may not exceed "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court elaborated that it is presumptively reasonable for the government to detain an alien for six months following the start of the statutory removal period, after which the validity of continued detention depends on whether there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

**ANALYSIS**

Article III of the U.S. Constitution "limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quotation omitted). If, during the course of litigation, "the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot" and must be dismissed. *Id.* at 723–24 (quotation and ellipsis omitted); *see also In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996) ("[F]ederal courts have no authority to render decisions upon moot questions . . . . [I]f during the pendency of [a case], an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatever, the [case] must be dismissed as moot.") (quotation and citation omitted). Because Vang has been released from ICE custody, his challenge to the legality of his continued detention and request for immediate release are now moot.

That Vang is subject to conditions of supervised release does not alter that conclusion, as those conditions are collateral consequences of his underlying removal order rather than his allegedly unlawful detention.[2] *See Ferry v. Gonzales*, 457 F.3d

---

[2] Likewise, Vang's request for attorney's fees and costs under the EAJA does not mean that there remains a live case or controversy despite his release from ICE detention. Vang cannot recover such fees because he is *pro se* and has not—and now cannot—obtain a judgment in his favor on his claim that his former detention was unlawful. *See Zheng Liu v. Chertoff*, 538 F. Supp. 2d 1116, 1121 (D. Minn. 2008) (explaining that "[p]ro se litigants are not entitled to EAJA fee awards" and that such awards otherwise require a party to have prevailed in the litigation, meaning that it secured a "judicially

(Footnote Continued on Next Page)

1117, 1132 (10th Cir. 2006) (holding that release from custody mooted a habeas petition where the only collateral consequences arose from the underlying removal order rather than the detention itself); *Mohamed v. Lynch*, No. 15-2726, 2016 WL 563164, at *3 (D. Minn. Jan. 26, 2016) (concluding that an alien's release from detention mooted his habeas petition despite the presence of conditions of release, which were "collateral to the original uncontested order of removal rather than the allegedly unlawful detention"), *report and recommendation adopted*, 2016 WL 593512 (D. Minn. Feb. 12, 2016); *Sanyonkon v. Baniecke*, No. 12-27, 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (same), *report and recommendation adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012). Those conditions of release do not represent a "concrete and continuing injury" from the challenged detention itself. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Moreover, none of the recognized exceptions to Article III's mootness doctrine apply. Of particular note, the exception for actions capable of repetition yet evading review does not apply because there is no "reasonable expectation that [Vang] will be subject to the same action again" — *i.e.*, that he will be taken back into physical custody and subjected to another round of prolonged post-removal-order detention. *See Spencer*, 523 U.S. at 17; *see also Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (explaining that a

---

(Footnote Continued from Previous Page)
sanctioned change in the legal relationship of the parties") (quotation omitted); *see also Cody v. Hillard*, 304 F.3d 767, 772–73 (8th Cir. 2002) (stating that "a plaintiff must secure a judicially sanctioned change in the legal relationship of the parties," such as an "an enforceable judgment on the merits or a court-ordered consent decree," to qualify as prevailing party for purposes of recovering attorney's fees and costs); *Kooritzky v. Herman*, 178 F.3d 1315, 1321 (D.C. Cir. 1999) (holding that "*pro se* plaintiffs may not recover attorney fees under the EAJA").

"theoretical possibility" of recurrence is not enough; instead, there "must be a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (quotations omitted). That Vang might, by violating the conditions of his supervised release, be subject to further detention in the future is not enough to invoke the capable-of-repetition exception. *See Reimers v. Or.*, 863 F.2d 630, 632 (9th Cir. 1988) (refusing to apply the exception where the possibility of recurrence depended on the plaintiff's "own wrongdoing," which he was "able, and indeed . . . required, to prevent . . . from occurring"). The voluntary cessation exception is also inapplicable, as there is no indication that ICE released Vang simply to deprive this Court of jurisdiction or that it is free to reinitiate the challenged detention once this case is dismissed. *See Deakins v. Monaghan*, 484 U.S. 193, 200 n.4 (1988); *Iowa Prot. & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 543 (8th Cir. 2005); *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005).

In sum, Vang's release from detention while ICE continues to pursue his removal to Laos has eliminated any live case or controversy over the legality of his continued administrative detention. Because his request for release from detention is now moot, and none of the exceptions to the mootness doctrine apply, this Court recommends that Vang's habeas petition be dismissed without prejudice for lack of jurisdiction.[3]

---

[3] In light of Vang's release, the address on file with the Clerk of Court is no longer correct. Because the Court has not been provided with a current address for Vang, the Respondents or their counsel are directed to make reasonable efforts to timely provide Vang with a copy of this Report and Recommendation.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Vang's petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** as moot.

Date: October 2, 2017

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **October 16, 2017**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).